IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LATASHA LOPER, | ) | Case No. 1:16CV2842 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| CLEVELAND POLICE HEADQUARTERS, | ) | |
| et al., | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendants. | ) | |

## I.    Introduction

Plaintiff sued the Ohio Department of Education purportedly on behalf of her minor son, C.D. to seek relief for allegations that ODE failed to perform its duties toward her son.  ODE has moved to dismiss, claiming that plaintiff has not stated a claim against it and arguing that the claim is either barred because it was filed too late or it is barred because new claims have not been pursued to exhaustion administratively.  Judge Christopher A. Boyko referred the matter to the undersigned for general pretrial management on January 10, 2017.  That order requires me to submit proposed findings and recommendations in regard to any case dispositive motions.

Given the allegations in plaintiff's complaint, the applicable law and other factors discussed below, I recommend that the court GRANT ODE's motion to dismiss and DISMISS this action against the Ohio Department of Education.

## II.     Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides, in relevant part, that "a party may assert the following defenses by motion:  * * * (6) failure to state a claim upon which relief can be granted."  Although a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, *Bell Atlantic Corp. v. Twombly,* 550 U.S.544, 555, 127 S.Ct. 1955, 167 Led. 2d 929 (2007); *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Twombly,* 550 U.S. at 555; *See also Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

The Supreme Court further explained the pleading requirements in *Ashcroft v. Iqbal,* 566 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff alleges factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement" but it asks more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

(internal citations omitted) *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

In ruling on a motion to dismiss, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTv, Inc., v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007).  The court may consider:  (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice. *Whittiker v. Deutsche Bank Nat'l Trust Co.,* 605 F.Supp.2d 914, 924-925 (N.D. Ohio 2009).  The defendant has the burden of showing that the plaintiff has failed to state a claim for relief, *DirecTv, Inc.,* 487 F.3d at 476 (citing *Carver v. Bunch,* 946 F.2d 451, 454, 455 (6th Cir. 1991)), and dismissal on this basis is reviewed *de novo.  Golden v. City of Columbus,* 404 F.3d 950, 958 (6th Cir. 2005).

### III.    Background Information

Plaintiff has filed several state and federal court actions against various parties related to the education of her minor son, C.D.  This action involves a series of events originating at C.D.'s school on October 22, 2015.[1]  Plaintiff alleges that C.D.'s school principal called the Cleveland Police to assist in handling an incident involving C.D.  According to plaintiff, both the school and the police mishandled the situation and their conduct traumatized C.D. and plaintiff.  Ms. Loper filed this action in state court on October 20, 2016.[2]  It was removed to this court on November 22, 2016.[3]

Plaintiff filed an identical lawsuit on October 20, 2016 in the Northern District Federal Court and the case was assigned to Judge James Gwin.[4]  Judge Gwin dismissed plaintiff's case

---

[1] ECF Doc. No. 1-1, Page ID# 11.
[2] ECF Doc. No. 1-2, Page ID# 22.
[3] ECF Doc. No. 1, Page ID# 1.
[4] Case No. 1:16cv2565, ECF Doc. # 1, Page ID#1.

on February 6, 2017.[5]  Judge Gwin ruled that Ms. Loper, a non-lawyer, was not permitted to represent her child in federal court.  He also determined that she had not set forth factual allegations reasonably suggesting that she might have a valid claim.[6]  This removed case presents the same allegations against the same parties as the case dismissed by Judge Gwin.  Neither ODE nor any other party notified the undersigned of the identical case pending in Judge Gwin's court until ODE it filed its reply brief on March 7, 2017.[7]

### IV.    Parties' Arguments

ODE argues that plaintiff has failed to state a claim against it.  Most of the allegations in plaintiff's complaint relate to Defendant Cleveland Metropolitan School District.[8]  ODE argues that plaintiff has only asserted two allegations against it.  On the first page of her complaint plaintiff states that she is motioning for a civil law suit against ODE for "discrimination, neglect, and improper handling of hearing decisions."[9]  The only other allegation related to ODE is that it "discriminated on [C.D.] and neglected to their duty."[10]  Other than making these statements, plaintiff has not alleged any facts related to ODE and/or its handling of plaintiff's claims.  ODE argues that plaintiff's claims are vague and conclusory and that has failed to state a claim upon which relief may be granted.

ODE also argues that plaintiff's claims are time-barred pursuant to O.R.C. § 3323.05(H) and 20 U.S.C. § 1415(i)(2)(A) and (B); that she failed to exhaust her administrative remedies

---

[5] Case No. 1:16cv2565, ECF Doc. #3, Page ID# 44.
[6] Case No. 1:16cv2565, ECF Doc. #3, Page ID# 46.
[7] ECF Doc. #17, Page ID#167.
[8] On March 3, 2017, plaintiff moved to dismiss her claims against Cleveland Metropolitan School District. See ECF Doc. No. 16.
[9] ECF Doc. No. 1-1, Page ID# 10.
[10] ECF Doc. No. 1-1, Page ID# 16.

4

when she withdrew a due process complaint; and that her demand for monetary damages is barred.

Ms. Loper filed a "memorandum in opposition to defendants motion to dismiss" on February 21, 2017[11].  However, the assertions made in plaintiff's memorandum are related more to her claims against the other parties and do not directly contradict the arguments in ODE's motion to dismiss.[12]

### V.      Law & Analysis

#### A.   Ms. Loper Cannot Represent her Son in this Action

The same threshold matter arises in this case that arose in the case dismissed by Judge Gwin.  Rule 17(c) of the Federal Rules of Civil Procedure permits a parent to bring suit on behalf of her minor son; but it does not allow a non-lawyer parent to represent her child in federal court. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002).  Ms. Loper is not an attorney and she is not permitted to represent her son in this action.  A dismissal recommendation is warranted on this basis.

#### B.   Res Judicata

As indicated above, on February 6, 2017, Judge Gwin dismissed an identical lawsuit filed by Ms. Loper against the same defendants in this lawsuit.  Defendants had already filed their motions to dismiss when the other case was dismissed.  Thus, they did not explicitly raise res judicata as an affirmative defense or as a reason to dismiss this lawsuit.

Under federal law, res judicata is an affirmative defense that should be raised by the defending party. Fed. R. Civ. P. 8(c) ("In pleading to a preceding pleading, a party shall set forth

---

[11] ECF Doc. No. 14, Page ID# 158.
[12] Plaintiff's memorandum in opposition contains general assertions regarding discrimination and unjust treatment against C.D. It also makes factual allegations against specific police officers.

affirmatively . . . res judicata . . . and any other matter constituting an avoidance or affirmative defense."); *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.,* 402 U.S. 313, 350, 28 L. Ed. 2d 788, 91 S. Ct. 1434 (1971) ("Res judicata and collateral estoppel are affirmative defenses that must be pleaded."); *Mun. Resale Serv. Customers v. Fed. Energy Regulatory Comm'n*, 43 F.3d 1046, 1052 n.4 (6th Cir. 1995); see also *Westwood Chem. Co., Inc. v. Kulick,* 656 F.2d 1224, 1227 (6th Cir. 1981) (explaining that although res judicata is an affirmative defense ordinarily raised in the pleadings, it may also be asserted by motion).  Defendants did not assert the res judicata affirmative defense either by amending their answer or by filing a motion after the first state action was finalized.

Courts generally lack the ability to raise an affirmative defense *sua sponte*. See *Haskell v. Wash. Township*, 864 F.2d 1266, 1273 (6th Cir. 1988) (noting that it is ordinarily error for a district court to raise an affirmative defense *sua sponte*).  Nevertheless, the Supreme Court has indicated that a court may take the initiative to assert the res judicata defense *sua sponte* in "special circumstances." *Arizona v. California*, 530 U.S. 392, 412, 147 L. Ed. 2d 374, 120 S. Ct. 2304 (2000).  "This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." *Id.*  The Sixth Circuit has also recognized that it might be appropriate to raise the res judicata defense *sua sponte* in certain circumstances. See, e.g., *Holloway Constr. Co. v. United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989)  (affirming a district court's *sua sponte* assertion of res judicata where the district court had decided the original case and adding that "a district court may invoke the doctrine of res judicata in the interests of, inter alia, the promotion of judicial economy"); see also *Curry v. City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003); *Agg v. Flanagan*, 855 F.2d 336, 344 (6th Cir. 1988)

(Contie, J., dissenting ) (noting that several courts *sua sponte* have raised the issue of res judicata because "in appropriate cases [this practice] 'insures the finality of decisions, conserves judicial resources, and protects litigants from multiple lawsuits' . . . [and] for these reasons, courts raise res judicata *sua sponte* despite the technical pleading requirements of Rule 8(c)").

The present case warrants raising of the issue of res judicata *sua sponte* because plaintiff filed the identical action in federal court when she filed the state case.  The state case was removed to this court resulting in two identical lawsuits pending in the same court before different judges. One of those lawsuits has already been dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(a)(3).  Dismissing this case pursuant to the doctrine of res judicata would insure the finality of Judge Gwin's decision, conserve judicial resources, and protect defendants from multiple lawsuits.  Thus, dismissal on the ground of res judicata is also recommended.

### C.  Failure to State a Claim

Because plaintiff is a *pro se* litigant, her filings are more liberally construed than are pleadings drafted by lawyers.  *Spotts v. United States,* 429 F.3d 248, 250 (6th Cir. 2005). However, principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277 (4th Cir. 1985).

> A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 437 (6th Cir. 1988)  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett,* 775 F.2d at 1278.  To do so would "require…[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, …[and] would … transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

*Loper v. Cleveland Police Headquarters, et al.,* 2017 U.S. Dist. LEXIS 16314, *3 (N.D. Ohio 2017).

Plaintiff has failed to state a claim upon which relief can be granted against ODE in her complaint. Most of plaintiff's allegations relate to how the school district and police officers mishandled disciplinary measures against C.D. Plaintiff has not alleged sufficient factual matter to "state a claim to relief that is plausible on its face" against ODE. She merely asserts vague, unsupported legal conclusions against this entity. Her allegations are insufficient to plead a viable claim against ODE. I recommend dismissal of plaintiff's claims against ODE on this basis.

### D. Time-Barred

Plaintiff's attempted claim against ODE also fails because it was filed too late. O.R.C. § 3323.05(H) provides:

> Any party aggrieved by the final order of the state level officer may appeal the final order * * * within **forty-five** days after notification of the order to the court of common pleas of the county in which the child's school district of residence is located, or to a district court of the United states within **ninety** days after the date of the decision of the state level review officer, as provided in section 615(i)(2) of the "Individuals with Disabilities Education Improvement Act of 2004," 20 U.S.C. § 1415(i)(2).

> 20 U.S.C. § 1415(i)(2)(A), (B) provides:

> (A) In general
> Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court competent of jurisdiction or in a district court of the United States, without regard to the amount in controversy.

> (B) Limitation
> The party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows.

(emphasis added)

8

Plaintiff filed this case in state court on October 20, 2016, **253** days after a State Level Reviewing Officer issued a decision related to the facts alleged in this case.  At that point, plaintiff's claim would have been untimely in both state and federal court.

Case law from this court has ruled that the procedural deadline involved in the applicable statute is not flexible.  *See Horen,* 2012 U.S. Dist. LEXIS at *6, in which the court held:

> There is no indication in either the authorizing statute or in any case law that the procedural deadline here is flexible depending on whether it caused prejudice to the opposing party.  It is a firm deadline that plaintiff missed, and I cannot now grant him a reprieve from its constraints because the appeal was merely a day late.

*Id.* citing *Cleveland Heights-Univ. Heights City Sch. Dist. v. Boss By & Through Boss*, 144 F.3d 391, 397 (6th Cir. 1998).

Plaintiff filed this case long after the time afforded by 20 U.S.C. § 1415 and O.R.C. § 3323.05.  The deadlines imposed by these statutes are not flexible.  This is an additional basis for dismissing plaintiff's attempted claims against ODE.

### E.  Other Grounds for Dismissal

Although any of the reasons stated above are dispositive of plaintiff's claims against ODE, the undersigned also finds that plaintiff failed to exhaust her administrative remedies when she withdrew her due process complaint, and she is precluded by law from seeking monetary damages in this action.

### VI.     Recommendation

Plaintiff's claims may be dismissed on any of several grounds: she is not permitted to represent her son in this lawsuit; her claims are barred by the doctrine of res judicata; she has failed to state a valid claim against Defendant Ohio Department of Education; and any claim related to the February 11, 2016 decision of State Level Reviewing Officer is time-barred.  ODE

is entitled to a dismissal of this action and I recommend that ODE's motion to dismiss be

GRANTED.

Dated: March 15, 2017

Thomas M. Parker
United States Magistrate Judge

_____

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).**

_____