IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LATASHA LOPER, ) | Case No. 1:16CV2842 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| ) | |
| CLEVELAND POLICE HEADQUARTERS, ) | |
| et al., ) | |
| ) | **REPORT & RECOMMENDATION** |
| Defendants. ) | |

**I.    Introduction**

This matter is before the undersigned pursuant to an order of reference issued by Judge Christopher A. Boyko on January 10, 2017. Said order requires the undersigned to file proposed findings and recommendations for disposition of any case dispositive motions. On January 6, 2017, defendants, City of Cleveland Police Department and Chief Calvin Williams, ("defendants") filed a motion to dismiss. Pursuant to Judge Boyko's order of reference and Local Rule 72.1, the undersigned recommends that the court GRANT defendants' motion to dismiss and DISMISS this action against defendants, City of Cleveland Police Department and Chief Williams.

**II.    Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides, in relevant part, that "a party may assert the following defenses by motion: * * * (6) failure to state a claim upon which relief can be granted." Although a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, *Bell Atlantic Corp. v. Twombly,* 550 U.S.544, 555, 127 S.Ct. 1955,

167 Led. 2d 929 (2007); *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Twombly,* 550 U.S. at 555; *See also Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

The Supreme Court further explained the pleading requirements in *Ashcroft v. Iqbal,* 566 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff alleges factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement" but it asks more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

(internal citations omitted) *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

In ruling on a motion to dismiss, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTv, Inc., v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007).  The court may consider:  (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public

2

records; and (4) matters of which the court may take judicial notice. *Whittiker v. Deutsche Bank Nat'l Trust Co.,* 605 F.Supp.2d 914, 924-925 (N.D. Ohio 2009). The defendant has the burden of showing that the plaintiff has failed to state a claim for relief, *DirecTv, Inc.,* 487 F.3d at 476 (citing *Carver v. Bunch,* 946 F.2d 451, 454, 455 (6th Cir. 1991)), and dismissal on this basis is reviewed *de novo. Golden v. City of Columbus,* 404 F.3d 950, 958 (6th Cir. 2005).

### III. Background Information

Plaintiff has filed several state and federal court actions against various parties related to the education of her minor son, C.D. This action involves a series of events originating at C.D.'s school on October 22, 2015.[1] Plaintiff alleges that C.D.'s principal called the Cleveland Police to assist in handling an incident involving C.D. According to plaintiff, the police mishandled the situation and their conduct traumatized C.D. and plaintiff.

Ms. Loper filed this action in state court on October 20, 2016.[2] It was removed to this court on November 22, 2016. Plaintiff named "Cleveland Police Headquarters – Chief Police" as a defendant to this action.[3] In their motion to dismiss, the City of Cleveland Police Department and Chief Calvin Williams assert that they were not properly served with the complaint or the notice of removal.[4] Notwithstanding lack of service, defendants entered an appearance and filed this motion to dismiss on January 6, 2017.[5]

Plaintiff filed an identical lawsuit on October 20, 2016 in the Northern District of Ohio Federal Court and the case was assigned to Judge James Gwin.[6] Judge Gwin dismissed

---

[1] ECF Doc. No. 1-1, Page ID# 11.
[2] ECF Doc. No. 1-2, Page ID# 22.
[3] ECF Doc. No. 1-1, Page ID# 9.
[4] ECF Doc. No. 7, Page ID# 133, fn1.
[5] ECF Doc. No. 7, Page ID# 133.
[6] Case No. 1:16cv2565, ECF Doc. # 1, Page ID#1. Defendants did not notify the court of the identical lawsuit and the undersigned only became aware of it on March 7th when ODE filed a reply brief in support of its motion to dismiss. See ECF Doc. #17, Page ID# 167.

plaintiff's case on February 6, 2017.[7] Judge Gwin ruled that Ms. Loper, a non-lawyer, was not permitted to represent her child in federal court. He also determined that she had not set forth factual allegations reasonably suggesting that she might have a valid claim.[8] This removed case presents the same allegations against the same parties as the case dismissed by Judge Gwin. None of the parties advised the undersigned of the existence of the identical case on Judge Gwin's docket until co-defendant ODE recently filed a reply brief in support of its motion to dismiss.

### IV.     Parties' Arguments

Defendants argue that plaintiff has failed to state a claim against them. Plaintiff's complaint contains "accusations against numerous entities, but does not identify the factual basis that entitles her to the relief sought."[9] Defendants also argue that the City of Cleveland Police Department is not a suable entity. "Administrative units of a local government are not *sui juris* because they lack the power to sue, and cannot be sued absent positive statutory authority." *Carmichael v. City of Cleveland,* 881 F.Supp.2d 833, 852 (N.D. Ohio 2012). Finally, defendants contend that plaintiff has not stated a valid claim against Police Chief Williams. She has presumably attempted to sue him in his official capacity because she did not allege any direct involvement on his part. An action against municipal employees in their official capacity must be treated as a suit against the city itself. *See. e.g. Shamaeizadeh, v. Cunigan,* 338 F.3d 535, 556 (6th Cir. 2003).

In her memorandum in opposition to defendants' motion to dismiss[10], Ms. Loper asserts the following related to the police:

---

[7] Case No. 1:16cv2565, ECF Doc. #3, Page ID# 44.
[8] Case No. 1:16cv2565, ECF Doc. #3, Page ID# 46.
[9] ECF Doc. No. 7, Page ID# 135.
[10] ECF Doc. No. 14, Page ID# 161.

> [C.D.] has been falsely arrested without probable cause in front of all his classmates. Cleveland Police Officer Christopher Gillard #602, William Matthews #1126, and Michael Flood # 895 was the arresting party, who knowingly held my son who had not committed a crime. Within this situation the Cleveland Police Officers acted out be disturbing the peace, en dangering [sic] my son morals, health, and safety in school. Also during booking, their video footage shows these officers physically harmed [C.D.] to the point of himing [sic] having to seek constant medical care, counseling, and additional serves [sic] because of flashback episodes.

### V.  Law & Analysis

Because plaintiff is a *pro se* litigant, her filings are more liberally construed than are pleadings drafted by lawyers. *Spotts v. United States,* 429 F.3d 248, 250 (6th Cir. 2005). However, as noted by Judge Gwin:

> Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277 (4th Cir. 1985). * * * District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett,* 775 F.2d at 1278.[11]

#### A.  Ms. Loper Cannot Represent her Son in this Action

The same threshold matter arises in this case that arose in the case dismissed by Judge Gwin. Rule 17(c) of the Federal Rules of Civil Procedure permits a parent to bring suit on behalf of her minor son; but it does not allow a non-lawyer parent to represent her child in federal court. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Ms. Loper is not an attorney and she is not permitted to represent her son in this action. A dismissal recommendation is warranted on this basis.

#### B.  Res Judicata

As indicated above, on February 6, 2017, Judge Gwin dismissed an identical lawsuit filed by Ms. Loper against the same defendants in this lawsuit. Defendants had already filed their

---

[11] Case No. 1:16cv2565, ECF Doc. #3, Page ID# 45.

motions to dismiss in this case when the other case was dismissed.  Thus, they did not explicitly raise res judicata as an affirmative defense or as a reason to dismiss this lawsuit.

Under federal law, res judicata is an affirmative defense that should be raised by the defending party. Fed. R. Civ. P. 8(c) ("In pleading to a preceding pleading, a party shall set forth affirmatively . . . res judicata . . . and any other matter constituting an avoidance or affirmative defense."); *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.,* 402 U.S. 313, 350, 28 L. Ed. 2d 788, 91 S. Ct. 1434 (1971) ("Res judicata and collateral estoppel are affirmative defenses that must be pleaded."); *Mun. Resale Serv. Customers v. Fed. Energy Regulatory Comm'n*, 43 F.3d 1046, 1052 n.4 (6th Cir. 1995); see also *Westwood Chem. Co., Inc. v. Kulick,* 656 F.2d 1224, 1227 (6th Cir. 1981) (explaining that although res judicata is an affirmative defense ordinarily raised in the pleadings, it may also be asserted by motion).  Defendants did not assert the res judicata affirmative defense either by amending their answer or by filing a motion after the first state action was finalized.

Courts generally lack the ability to raise an affirmative defense *sua sponte*. See *Haskell v. Wash. Township*, 864 F.2d 1266, 1273 (6th Cir. 1988) (noting that it is ordinarily error for a district court to raise an affirmative defense *sua sponte*).  Nevertheless, the Supreme Court has indicated that a court may take the initiative to assert the res judicata defense *sua sponte* in "special circumstances." *Arizona v. California*, 530 U.S. 392, 412, 147 L. Ed. 2d 374, 120 S. Ct. 2304 (2000).  "This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." *Id.*  The Sixth Circuit has also recognized that it might be appropriate to raise the res judicata defense *sua sponte* in certain circumstances. See, e.g., *Holloway Constr. Co. v. United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir.

1989) (affirming a district court's *sua sponte* assertion of res judicata where the district court had decided the original case and adding that "a district court may invoke the doctrine of res judicata in the interests of, inter alia, the promotion of judicial economy"); see also *Curry v. City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003); *Agg v. Flanagan*, 855 F.2d 336, 344 (6th Cir. 1988) (Contie, J., dissenting ) (noting that several courts *sua sponte* have raised the issue of res judicata because "in appropriate cases [this practice] 'insures the finality of decisions, conserves judicial resources, and protects litigants from multiple lawsuits' . . . [and] for these reasons, courts raise res judicata *sua sponte* despite the technical pleading requirements of Rule 8(c)").

The present case warrants raising of the issue of res judicata *sua sponte* because plaintiff filed the identical action in federal court when she filed the state case. The state case was removed to this court resulting in two identical lawsuits pending in the same court before different judges. One of those lawsuits has already been dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(a)(3). Dismissing this case pursuant to the doctrine of res judicata would insure the finality of Judge Gwin's decision, conserve judicial resources, and protect defendants from multiple lawsuits. Thus, dismissal on the ground of res judicata is also recommended.

### C. Failure to State a Claim

Additionally, the law is clear that a municipal police department is not a legal entity that can be sued. *Carmichael,* 881 F.Supp.2d at 841. Nor can an action be maintained against a chief of police, in his official capacity, for the actions of other officers. *See, e.g., Claybrook v. Birchwell,* 199 F.3d 350, 361 (6th Cir. 2000). Plaintiff has not alleged that Chief Williams had any direct involvement with C.D.'s arrest or alleged mistreatment and even a liberal construction of her complaint does not result in a valid claim being asserted against this defendant.

In her memorandum in opposition, plaintiff asserts factual allegations against specific police officers who have not been named as defendants in this action or served with a copy of the complaint.  In essence, she alleges an excessive force case against these individuals, but she has not sued entities who can be required to come to court and respond.  Plaintiff has not stated a valid claim against the City of Cleveland Police Department and/or Chief Calvin Williams.

**IV.     Recommendation**

I recommend that this case be dismissed because plaintiff is not permitted to represent her son in these proceedings; her claims are barred by the doctrine of res judicata; and she has failed to state a claim upon which relief can be granted.  The City of Cleveland Police Department and Chief Calvin Williams are entitled to a dismissal of this action.  I recommend that their motion to dismiss be GRANTED.

Dated: March 15, 2017

Thomas M. Parker
United States Magistrate Judge

---

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See** *U.S. v. Walters*, **638 F.2d 947 (6th Cir. 1981).  See also** *Thomas v. Arn,* **474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).**

---